```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

BRUCE W. STEWART, ET AL                    CIVIL ACTION

VERSUS                                     NO: 07-4933

FIDELITY NATIONAL INSURANCE                SECTION: "J" (1)
COMPANY, ET AL
```

### ORDER AND REASONS

Before the Court is defendant's **Motion for Summary Judgment (Rec Doc. 13).** This motion, which is opposed, was set for hearing on October 15, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be granted.

### Background Facts

Plaintiffs are the owners of a property located at 4533 Chastant Street in Metairie, Louisiana that was damaged by flood waters related to Hurricane Katrina on August 29, 2005. The property was insured by Fidelity National Insurance Company ("Fidelity"), which issued a Standard Flood Insurance Policy

("SFIP") under the Write-Your-Own Program of the National Flood Insurance Program ("NFIP").  The flood policy had limits of $190,000 for building coverage and $36,800 for contents coverage. Plaintiffs made a claim on the policy following the hurricane. As a result of that claim, Fidelity assigned an independent adjuster to inspect the property and determine the damage caused by flooding.  As a result of that inspection Fidelity paid the plaintiffs $67,147.85 for damage to the building and the policy limits of $36,800.00 for damage to the contents.  This suit was filed on August 28, 2007 seeking additional payment under the SFIP policy.

## The Parties' Arguments

Fidelity has filed this Motion for Summary Judgment arguing that plaintiffs are not entitled to any further recovery under the SFIP policy because plaintiffs have failed to comply with the conditions precedent to the filing of this lawsuit, namely, the failure to submit a timely, signed, and sworn Proof of Loss. Additionally, Fidelity argues that once plaintiffs' SFIP policy claim is dismissed all of plaintiffs' other claims against Fidelity in its capacity as a Write-Your-Own Program insurer should also be dismissed.

In opposition, plaintiffs argue that the Federal Emergency Management Agency ("FEMA") circulated "conflicting messages" that

waived the formal filing of the Proof of Loss for SFIP policies. As such, plaintiffs contend that an issue of material fact exists as to whether and to what extent FEMA waived the Proof of Loss requirement.

## Discussion

Under FEMA regulations, strict adherence is required to all terms of the SFIP. 44 C.F.R. §§ 61.13(a), (d), (e). The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss . . . ." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3). Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998). Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a proof of loss prior to receiving insurance proceeds. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. If the insured disagreed with the adjuster's report, a Proof of Loss would be required as follows:

3

>      In the event a policyholder disagrees with the
>      insurer's adjustment, settlement, or payment of the
>      claim, a policyholder may submit to the insurer a proof
>      of loss within one year from the date of the loss . . .
>      The insurer will then process the policyholder's proof
>      of loss in its normal fashion.  If the insurer rejects
>      the proof of loss in whole or in part, the policyholder
>      may file a lawsuit against the insurer within one year
>      of the date of the written denial of all or part of the
>      claim.

Id.

The requirements for submitting a proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

>      Within 60 days after the loss, send us a proof of loss,
>      which is your statement of the amount you are claiming
>      under the policy signed and sworn to by you, and which
>      furnishes us with the following information:
>
>      a. The date and time of loss;
>
>      b. A brief explanation of how the loss happened;
>
>      c. Your interest (for example, "owner") and the
>      interest, if any, of others in the damaged property;
>
>      d. Details of any other insurance that may cover the
>      loss;
>
>      e. Changes in title or occupancy of the covered
>      property during the term of the policy;
>
>      f. Specifications of damaged buildings and detailed
>      repair estimates;
>
>      g. Names of mortgagees or anyone else having a lien,
>      charge, or claim against the insured property;
>
>      h. Details about who occupied any insured building at
>      the time of the loss and for what purpose; and
>
>      I. The inventory of damaged personal property described
>      in J.3. above.

As the provisions of an insurance policy issued pursuant to a

federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.  <u>Gowland v. Aetna</u>, 143 F.3d 951, 954 (5th Cir. 1998).

In <u>Gowland</u>, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy."  <u>Id.</u> at 954.  Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy.  <u>Id.</u>  As a result, the court affirmed the grant of the insurer's motion for summary judgment.

Most recently, the Fifth Circuit in <u>Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co.</u> similarly held that because the plaintiff in that case failed to submit a sworn proof of loss within one year of the date of the loss, the suit was precluded as a matter of law.  No. 07-31005, 2008 WL 4150108, at *3 (5th Cir. Sept. 10, 2008).

In the case at bar it is undisputed that the plaintiffs have failed to timely submit a signed and sworn Proof of Loss which is a condition precedent to this suit.  As a result, the plaintiffs cannot maintain this suit against State Farm.  Any position to the contrary is clearly mistaken based on federal statutory law, the Administrator's waiver and Fifth Circuit jurisprudence.

Accordingly,

**IT IS ORDERED** that defendant's **Motion for Summary Judgment (Rec Doc. 13)** is hereby **GRANTED** and all claims against Fidelity are hereby dismissed, with prejudice, at plaintiffs' costs.

New Orleans, Louisiana, this 3rd day of November, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE